1

2

3

4

5           UNITED STATES DISTRICT COURT

6           NORTHERN DISTRICT OF CALIFORNIA

7

8   PASTOR MADERO PENA,                    No. C 09-1583 SI (pr)

9              Petitioner,                 **ORDER ON INITIAL REVIEW**

10        v.

11  D. K. SISTO, warden,

12             Respondent.

13  _____/

14

15                    **INTRODUCTION**

16        Pastor Madero Pena, an inmate at the California State Prison - Solano, filed this <u>pro se</u>

17  action for  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the

18  court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254

19  Cases.   His <u>in forma pauperis</u> application also is before the court for review.

20

21                    **BACKGROUND**

22        Pena's petition provides the following information: Following a trial in Mendocino

23  County Superior Court, Pena was convicted of murder with firearm-related sentence

24  enhancements.  He was sentenced to 50 years to life in prison in October 2004.  He appealed.

25  His conviction was affirmed by the California Court of Appeal in 2006 and his petition for

26  review was denied by the California Supreme Court in 2006.  Pena filed a habeas petition in the

27  California Supreme Court that was denied in 2009.

28        Pena then filed this action.  The proof of service on his federal petition for writ of habeas

corpus states that it was mailed to the Eastern District of California on March 9, 2009.  The

**United States District Court**
For the Northern District of California

1   petition was stamped "filed" in the Eastern District of California on March 24, 2009, and was

2   later transferred to this court because the petition challenged a conviction that had occurred in

3   a county in the Northern District of California.

4

5                                          **DISCUSSION**

6          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7   custody pursuant to the judgment of a State court only on the ground that he is in custody in

8   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

9   district court shall "award the writ or issue an order directing the respondent to show cause why

10  the writ should not be granted, unless it appears from the application that the applicant or person

11  detained is not entitled thereto."  28 U.S.C. § 2243.  Under Rule 4 of the Rules Governing

12  Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file

13  another pleading where neither summary dismissal nor service is appropriate.

14         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

15  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ

16  of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital

17  state convictions or sentences must be filed within one year of the latest of the date on which:

18  (1) the judgment became final after the conclusion of direct review or the time passed for

19  seeking direct review; (2) an impediment to filing an application created by unconstitutional

20  state action was removed, if such action prevented petitioner from filing; (3) the constitutional

21  right asserted was recognized by the Supreme Court, if the right was newly recognized by the

22  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate

23  of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C.

24  § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other

25  collateral review is pending is excluded from the one-year time limit.  See id. § 2244(d)(2).

26         It appears that the petition may be untimely under the AEDPA's one-year limitation

27  period.  This apparent procedural problem should be addressed before the court reaches the

28

merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

# CONCLUSION

Good cause appearing therefor,

1.      The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2.      Respondent must file and serve, no later than **September 4, 2009**, a motion to dismiss the petition or a notice that he is of the opinion that a motion to dismiss is unwarranted.

3.      If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **October 9, 2009**.

4.      Respondent must file and serve his reply, if any, no later than **October 23, 2009**.

5.      The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6.      Petitioner's in forma pauperis application is DENIED because he has enough money in his inmate trust account to pay the filing fee. (Docket # 6, # 7.) Petitioner must pay the $5.00 filing fee no later than **July 24, 2009** or this action may be dismissed.

IT IS SO ORDERED.

DATED: June 11, 2009

_____
SUSAN ILLSTON
United States District Judge

3